[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO REARGUE/ARTICULATION — POSTJUDGMENT
The plaintiff-wife has moved this court in an omnibus motion to reargue the judgment in the above-captioned matter and/or for an articulation by the court as to the basis for certain findings and orders set forth in the court's memorandum of decision.
The motion to reargue is denied.
The motion for articulation is granted as follows:
In its judgment the court did not set a date by which the plaintiff was to vacate the former marital residence.
In view of the considerable length if time which has passed since the CT Page 10204 rendition of the judgment, it is assumed that the issue is moot. If, however the plaintiff is still occupying that residence, the court orders that she vacate it within three months from the date of this order.
Although it was not specifically requested by the plaintiff, the court sua sponte articulates the basis for its order of periodic alimony entered in the memorandum of decision
The pendente lite order for alimony obligated the defendant to pay to the plaintiff the sum of $75.00 per week. That sum was set forth in a stipulated agreement of the parties and was adopted as an order of the court. The agreement further provided that the plaintiff was to seek employment or other sources of income to supplement her financial situation. The plaintiff failed to do so and was found to be in contempt of the court's order.
The order regarding periodic alimony took into consideration the duty of the plaintiff to supplement her income. The order of $200.00 per week as periodic alimony was fashioned to provide the plaintiff with periodic alimony for twelve years — at which time she would be a candidate for social security and other federal benefits. The court also provided for a lump sum alimony payment which was designed to help the plaintiff with certain "start up" expenses.
The plaintiff remains responsible for obtaining supplemental income and her failure to do so is not to be assessed against he defendant.
The proper vehicle for the plaintiff to use to take exception the court's order would be an appeal to the Appellate Court or a motion to modify the judgment.
By the Court,
Joseph W. Doherty, Judge